Michael G. Murphy
Roy D. Prather, III
John S. Guttmann (admitted *pro hac vice*)
Bina R. Reddy (admitted *pro hac vice*)
Eric L. Klein (admitted *pro hac vice*)
BEVERIDGE & DIAMOND, P.C.
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

*Attorneys for City Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEWARK EDUCATION WORKERS CAUCUS *et al.*,<br><br>                             Plaintiffs,<br><br>v.<br><br>CITY OF NEWARK *et al.*,<br><br>                             Defendants. | **Civ. No. 18-CV-11025**<br>**Hon. Esther Salas** |

**NOTICE OF CITY DEFENDANTS'**
**OMNIBUS MOTION FOR CLARIFICATION OF INJUNCTION PROCEEDINGS**

City Defendants, by undersigned counsel, hereby request clarification of ongoing injunction proceedings at the Court's earliest opportunity.[1]  A memorandum of law is filed herewith and is incorporated by reference.

Because Newark's efforts to address the problem of lead in drinking water are longstanding and predate this lawsuit, events on the ground are now outpacing the procedural posture of the preliminary injunction litigation.  Newark is now voluntarily providing the core

---

[1] Per L. Civ. R. 7.1(d)(1), this motion is noted for the December 3, 2018 motion day.  But the relief requested herein is time-sensitive and City Defendants seek the Court's attention earlier if possible.

1

relief that Plaintiffs seek in their proposed injunction by distributing water filters to affected residents, an act taken in response to the recent results of a study commissioned long before this lawsuit was filed, to minimize the very risk of harm alleged by Plaintiffs in their motion.

Yet Plaintiffs are refusing to acknowledge this undisputed and significant change in circumstances and have declined to revise their proposed injunction in response.  They have instead taken the position that they require discovery to determine whether or not to revise their injunction; and to that end are pushing forward with highly burdensome and unnecessary discovery demands that are unrelated to the narrow discovery on the scope of the filter program that the Court has permitted, and are divorced from any claim that has been asserted in this case. Plaintiffs' position – that they will take discovery, and then inform the City of the relief sought – upends established procedures and has left Newark confused and uncertain about what discovery is owed, what overall defense is required, and how to approach the November 16 settlement conference that the Court has ordered.  City Defendants ask the Court to clarify the scope of this injunction litigation.

Dated:  October 31, 2018	Respectfully submitted,

	    */s/ Michael G. Murphy*
	Michael G. Murphy (No. 04209-1997)
	Roy D. Prather, III (No. 02629-2009)
	John S. Guttmann (admitted *pro hac vice*)
	Bina R. Reddy (*pro hac vice* to be filed)
	Eric L. Klein (admitted *pro hac vice*)
	BEVERIDGE & DIAMOND, P.C.
	477 Madison Avenue, 15th Floor
	New York, NY 10022
	(212) 702-5400
	mmurphy@bdlaw.com

	*Attorneys for City Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018, a true copy of the foregoing City Defendants' Notice of Motion for Clarification of Injunction Proceedings was served on all counsel of record by the CM/ECF system.

DATED this 31st day of October, 2018.

                                                 */s/ Michael G. Murphy*
                                                 Michael G. Murphy